UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY LACHOWICZ,

    Plaintiff,

v.                                          CASE NO: 8:08-cv-997-T-23MSS

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

The defendant files a "Motion to Dismiss and/or Motion to Compel Appraisal and Stay or Abate Proceedings" (Doc. 7) and contends that (a) the insurance policy at issue contains a mandatory appraisal provision (Doc. 7-2), (b) the defendant advised the plaintiff that damage to the plaintiff's home as a result of sinkhole activity is covered by the policy, and (c) on June 6, 2008, after the plaintiff (instead of responding to the defendant's request for proof of loss) commenced this lawsuit, the defendant demanded appraisal. The plaintiff responds in opposition (Doc. 9) and admits the appraisal provision but (1) expresses doubt about the scope of the defendant's admission of coverage and (2) contends (without citing any legal authority) that "if coverage questions exist, the appraisal process is not appropriate." In fact, appraisal does not preclude an insurer from contesting coverage of the entire loss claimed,[1] and an unqualified admission of coverage is therefore not a precondition to appraisal.

---

[1] See State Farm Fire & Casualty Co. v. Licea, 685 So. 2d 1285, 1287 (Fla. 1996).

However, because following appraisal an insurer may only contest coverage for the entire loss,[2] the plaintiff's uncertainty about the scope of the defendant's admission is immaterial.  Appraisal is appropriate if, as in this action, "the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss."  Gonzalez v. State Farm Fire and Cas. Co., 805 So. 2d 814, 816 (Fla. 3d DCA 2000).  Accordingly, the motion (Doc. 7) is **GRANTED IN PART**.  The parties shall obtain an appraisal of the property located at 9100 Mark Twain Lane, Port Richey, Pasco County, Florida, 34668.  This action is **STAYED** and Clerk is directed to terminate any pending motion and **ADMINISTRATIVELY CLOSE** the case.  The parties may, within 120 days from the date of this order, (1) submit a stipulated form of final order or judgment or (2) move to re-open the action upon a showing of good cause.

    ORDERED in Tampa, Florida, on July 9, 2008.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] See Licea, 685 So. 2d at 1287; Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co., 362 F.3d 1317, 1319 (11th Cir. 2004); Muckenfuss v. Hanover Ins. Co., No. 5:05-cv-261-Oc-10GRJ, 2007 WL 1174098, 3 (M.D. Fla. Apr. 18, 2007).  But see Liberty American Ins. Co. v. Kennedy, 890 So. 2d 539, 541-42 (Fla. 2d DCA 2005).